UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BRITTANY STANLEY,** | § § § | |
| **PLAINTIFF** | § § § | |
| **v.** | § § § § | CA 4:24-cv-4066 |
| **OCEAN GATE INVESTMENTS LLC, MAGNOLIA HOSPITALITY GROUP, LLC, HIGHROCK HOSPITALITY, LLC & TERRY F. HIX, JR., INDIVIDUALLY,** | § § § § § § | |
| **DEFENDANTS** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**Summary of Lawsuit**

Defendants Ocean Gate Investments, LLC, Magnolia Hospitality Group, LLC, Highrock Hospitality, LLC and Terry Hix, individually ("Defendants") own and operate the Moxy Hotel in Houston, among a number of other hotels in Texas. Defendants employed Plaintiff Brittany Stanley ("Plaintiff" or "Stanley") as a bartender and misappropriated Stanley's tips by forcing her to participate in a tip pool with management. More specifically, Defendants split Stanley's tips with two managers and an assistant district manager, all while giving Stanley ever-changing explanations about how the tip pool was distributed. Defendants never provided Stanley any documents or other paperwork documenting tip distribution, even though Stanley asked for such documents on multiple occasions. Stanley brings this lawsuit against Defendants to recover her unpaid tips under the Fair Labor Standards Act ("FLSA").

**Facts Supporting Plaintiff's Claim**

1. Defendants own and operate the Moxy Houston Downtown Hotel ("the Moxy"), which operates under the Marriott Bonvoy name. Stanley worked as a bartender at the Moxy's bar, Bar Moxy.

2. Months prior to opening the Moxy Hotel in December 2023, Defendants began hiring employees to work the front desk, the kitchen and the bar, among other positions.

3. On March 10, 2023, Moxy's General Manager, Terry F. Hix, Jr. ("Hix"), acting on behalf of all Defendants, offered Stanley a job with Defendants working at the Moxy. Hix discussed Stanley's pay structure, job expectations, and how the tip pool would operate. Among other things, Hix specifically promised that management would not participate in the tip pool.

4. During the month of April and May, Hix explained to Stanley and others that there were challenges getting the certificate of occupancy for the building, but that it would be open soon. On May 15, 2023, Hix informed Stanley to put in her two weeks' notice at her current job where she was receiving tips, as May 30, 2023 would be Stanley's first day on the property. On or about that date, Stanley and others received new hire paperwork from Ocean Gate Investments, LLC, as well as an Ocean Gate employee handbook. Ocean Gate's website provides a list of "our hotels" within Texas, one of which features the Moxy. *See* https://ogihotels.com/our-hotels/ (page last visited October 22, 2024).

5. Stanley and the other employees arrived at the hotel on May 30, 2023, only to find construction was only approximately 25% finished, and the hotel was nowhere near ready to open. At this point, instead of working as a tipped bartender, Defendants converted Stanley and all other employees who had quit their jobs expecting to work *in* the hotel to employees who were expected to work *on* the hotel, so Stanley began performing construction work. Stanley

later learned that she and the other employees were not even supposed to be inside the building during this process. At this time, Stanley's paychecks were issued by Defendant Magnolia Hospitality Group, LLC.

6. Multiple failed inspections later, the hotel flooded on or about the second week of July 2023. About that same time, Stanley and the other employees who had been helping with construction were told that they were going to be terminated from Magnolia Hospitality Group, LLC, and would be rehired the next day by Highrock Hospitality, LLC. From that point on, Stanley's checks were issued by Defendant Highrock Hospitality, LLC.

7. The Moxy ultimately opened on or about December 8, 2023. Defendant Hix reposted an announcement made by Marriott about the Moxy's opening:



8. At that time, Stanley began working as a full time bartender. Stanley's tips were placed into a tip pool that was immediately shared with two different managers and the assistant district manager.

9. Federal law specifically prohibits an employer from retaining any of its employees' tips and from sharing any tips paid by customers with managerial personnel.

10. Stanley consistently asked for an accounting of her tips, but Hix, on behalf of Defendants, provided Stanley with nothing but evasive and constantly changing responses, and refused to provide Stanley with any documents reflecting tip distribution, in spite of the fact that Hix allegedly kept a spreadsheet showing distribution of the tips.

11. During the course of her employment with Defendants as a bartender, Defendants illegally stole and distributed Stanley's tips. During the final ten days of her employment, Stanley received no tips at all.

12. Defendants did not keep the records required under the FLSA's regulations regarding tips and other compensation received by Stanley.

13. Hix was Stanley's supervisor, and made her schedule.

14. Hix had the power to hire and fire Moxy employees, including Stanley, and was the individual that hired Stanley.

15. Hix controlled the manner in which Defendants' employees and workers were paid, and Hix specifically controlled the manner in which Stanley was paid.

16. Hix was at least one of the individuals who determined that Defendants would not pay all of Stanley's tips to Stanley, and was involved in the decision that management would be allowed to participate in the tip pool.

17. Hix is an "employer" as that term is defined under the FLSA. Hix employed Stanley jointly with all other Defendants and is individually liable for the damages owed to Stanley.

18. Defendant Ocean Gate Investments, LLC is an "employer" as that term is defined under the FLSA and jointly employed Stanley with all other Defendants.

19. Defendant Magnolia Hospitality Group, LLC is an "employer" as that term is defined under the FLSA and jointly employed Stanley with all other Defendants.

20. Defendant Highrock Hospitality, LLC is an "employer" as that term is defined under the FLSA and jointly employed Stanley with all other Defendants.

## Allegations Regarding FLSA Coverage

21. Defendants are covered by and subject to the overtime requirements of the FLSA.

22. During the time Stanley worked at the Moxy, all Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

23. During the time Stanley worked at the Moxy, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

24. During the time Stanley worked at the Moxy, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

25. During the time that Stanley worked at the Moxy, Defendants' employees used or handled goods, tools, equipment, or materials that traveled in interstate commerce; that is, goods, tools, equipment, or materials that were grown, made or manufactured outside the state of Texas, such as mobile telephones, computers, credit card processing machines, and a variety of alcoholic beverages.

## Plaintiff's Claims

26. Defendants were legally required to pay Stanley tips that customers paid to her. Instead, Defendants improperly and illegally paid portions of these tips to management personnel who were not entitled to receive tips and/or kept a portion of tips for the benefit of the business instead of paying them to the employees who earned them.

27. Defendants were legally required to keep records of all pay received (including tips) by Stanley. Defendants did not do so.

28. All Defendants were Stanley's employers while she worked at the Moxy and are thus jointly and severally liable for the damages that Stanley seeks in this lawsuit.

## Cause of Action

## Violation of the FLSA – Failure to Pay All Tips to Stanley

29. Defendants violated the FLSA by not paying Stanley all of the tips that customers left her and operating an illegal tip pool in which management participated.

30. Defendants violated the FLSA by not keeping an accurate record of the pay that Stanley received.

31. Stanley has suffered damages as a direct result of Defendants' illegal actions.

32. Defendants are liable to Stanley for the wrongfully taken tips, liquidated damages in an amount equal to the stolen tips, attorney's fees and costs of Court under the FLSA.

**Defendants, Jurisdiction, and Venue**

33. Defendant Terry Hix is an individual who resides and does business in Bexar, Texas. Hix may be served with process at his residence address of 3102 Fallbrook Dr., Houston, Texas, 77038 or wherever else he may be found.

34. Defendant Ocean Gate Investments, LLC is a Texas limited liability company that shares the same principal office as Defendant Highrock Hospitality, LLC at 312 W. Nolana Loop, Pharr, Texas 78577, whose registered agent Anita Lozano may be served with process at 2300 W. Pike Blvd, Suite 300, Weslaco, Texas 78599, or wherever she may be found.

35. Defendant Magnolia Hospitality Group, LLC is a Texas limited liability company whose primary office is in Southlake, Texas and whose registered agent Mehul Patel may be served with process at 4557 Byron Circle Drive, Irving, Texas 75038, or wherever he may be found.

36. Defendant Highrock Hospitality, LLC is a Texas limited liability company that shares the same principal office as Defendant Ocean Gate Investments, LLC at 312 W. Nolana Loop, Pharr, Texas 78577 and whose registered agent Nitin Kasan may be served with process at 4141 Southwest Freeway, Suite 250, Houston, Texas 77027, or wherever he may be found.

37. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants do business and are based within this judicial district.

**Prayer for Relief**

WHEREFORE, Plaintiff Brittany Stanley demands the following relief against all Defendants, jointly and severally:

1. Judgment against all Defendants, jointly and severally, for an amount equal to Stanley's unpaid tips;

2. An equal amount to Stanley's unpaid tips as liquidated damages;

3. Judgment against Defendants that their violations of the FLSA were willful;

4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

5. All costs and attorney's fees incurred prosecuting these claims; and

6. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

WELMAKER LAW, PLLC

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**